UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KEEGAN JAMES VAUGHN,<br><br>Defendant. | Case No. 3:14-cr-00067-MMD-VPC<br>related case: 3:16-cv-00070-MMD<br><br>ORDER |

## I. SUMMARY

Defendant/Petitioner Keegan James Vaughn pled guilty to possession of stolen firearms and was sentenced to 100 months in custody. (ECF No. 50.) Before the Court are the following motions: motion to vacate under 28 U.S.C. § 2255 ("Motion") (ECF No. 61), motion for evidentiary hearing (ECF No. 62) and motion for appointment of counsel (ECF No. 63). The Court has reviewed the government's response to the Motion and the government's supplement filed at the Court's direction. (ECF No. 73, 77.) Defendant has not filed a reply or a supplement.

## II. RELEVANT BACKGROUND

On September 17, 2014, Vaughn was indicted on one count of possession of stolen firearms (count 1) and one count of transportation of stolen firearms (count 2). (ECF No. 1.) On March 3, 2015, Vaughn pled guilty to count one—possession of stolen firearms. (ECF No. 30, 32.)

At the sentencing hearing, the parties asked the Court to apply the calculation set forth in the plea agreement, which determined the base offense level to be 14.[1] (ECF No. 30 at 8; ECF No. 46 at 2.) The Court declined and instead applied a base offense level of 20 based on a finding that Vaughn was convicted of a predicate crime of violence—burglary of a residence in violation of California Penal Code Ann. § 459—under U.S.S.G. § 2K2.1(a)(4)(A), which in turn relies on U.S.S.G. § 4B1.2's residual clause. The Court sentenced Vaughn to 100 months in custody. (ECF No. 49.)

The Court entered judgment on July 30, 2015. (ECF No. 50.) On February 2, 2016, Vaughn filed his Motion, along with his motion for evidentiary hearing and motion for appointment of counsel. (ECF Nos. 61, 62, 63.)

### III. DISCUSSION

Vaughn's Motion raises a single ground for ineffective assistance of counsel, contending that his former counsel failed to ask that the Court not apply a six level enhancement for a prior "crime of violence." (ECF No. 61 at 3.) His Motion is premised on the contention that his 2009 burglary conviction is not a crime of violence under *Descamps v. United States*, 133 S. Ct. 2276 (2013) and therefore did not qualify as a predicate crime of violence under U.S.S.G. § 2K2.1(a)(4)(A).

"[T]he right to counsel is the right to the effective assistance of counsel." *McMann v. Richardson*, 397 U.S. 759, 771, n.14 (1970). The Supreme Court recently reiterated that a defendant's Sixth Amendment right to counsel extends to the plea-bargaining process. *Lafler v. Cooper*, 566 U.S. 156, 162 (2012) ("During plea negotiations defendants are 'entitled to the effective assistance of competent counsel.'") (quoting *McMann*, 897 U.S. at 771)). "[D]efense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to

///

---

[1]Vaughn's counsel argued that this calculation was based on her understanding that Vaughn was convicted of second-degree (non-residential) burglary in California in 2010 when, in fact, Vaughn was convicted of first-degree burglary in 2009. (ECF No. 46 at 2.) Counsel acknowledged that the 2009 conviction qualified as a crime of violence under U.S.S.G. § 2K2.1. (*Id.*)

2

the accused." *Missouri v. Frye*, 566 U.S. 133, 145 (2012). The Ninth Circuit has stated that a defendant is also "entitled to the effective assistance of counsel in his decision whether and when to plead guilty." *United States v. Leonti*, 326 F.3d 1111, 1117 (9th Cir. 2003). "If it is ineffective assistance to fail to inform a client of a plea bargain, it is equally ineffective to fail to advise a client to enter a plea bargain when it is clearly in the client's best interest." *Id.* (citation omitted). To prove ineffective assistance during the plea phase of a prosecution, a defendant "must demonstrate gross error on the part of counsel." *Turner v. Calderon*, 281 F.3d 851, 880 (9th Cir. 2002) (quoting *McMann*, 397 U.S. at 771).

The two-part test articulated in *Strickland v. Washington*, 466 U.S. 668 (1984), applies to challenges based on ineffective assistance of counsel. *See Lafler*, 566 U.S. at 162. First, a defendant must show "that counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. In the context of plea negotiations, the question is "not whether 'counsel's advice [was] right or wrong, but . . . whether that advice was within the range of competence demanded of attorneys in criminal cases.'" *Turner*, 281 F.3d at 880 (quoting *McMann,* 397 U.S. at 771). Second, a defendant must show that "any deficiencies in counsel's performance [are] prejudicial" by showing "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 692, 694. Additionally, any review of the attorney's performance must be "highly deferential" and must adopt counsel's perspective at the time of the challenged conduct in order to avoid the distorting effects of hindsight. *Id.* at 689.

Vaughn cannot demonstrate that counsel's performance resulted in prejudice to satisfy *Strickland*'s second prong. Vaughn's argument—that his 2009 burglary conviction should not have been considered a crime of violence under U.S.S.G. § 2K2.1(a)(4)(A)— is not legally viable in light of the Supreme Court's decision in *Beckles v. United States,*

///

///

137 S.Ct. 886 (2017) issued on March 6, 2017.[2] In *Johnson v. United States*, 135 S.Ct. 2551 (2015), the Supreme Court held that the ACCA's residual clause is unconstitutionally vague. Vaughn's Motion is premised on the argument that *Johnson's* holding extends to the identically worded clause in U.S.S.G. § 4B1.2, which defines "crime of violence" under U.S.S.G. § 2K2.1(a)(4)(A). In *Beckles*, the Supreme Court held that "the advisory Sentencing Guidelines are not subject to a vagueness challenge under the Due Process Clause and that § 4B1.2's residual clause is not void for vagueness." *Beckles*, 137 S.Ct. at 895. Thus, Vaughn's argument is no longer legally viable under *Beckles*.[3]

Moreover, as the government argues, the Court could have assigned a base offense level of 20 under U.S.S.G. § 2K2.1(a)(4)(B), which is triggered when the offense involved "semiautomatic firearm that is capable of accepting a large capacity magazine[.]" *See* U.S.S.G. § 2K2.1(a)(4)(B). Application Note 2 defines this term to mean that "(A) the firearm had attached to it a magazine or similar device that could accept more than 15 rounds of ammunition; or (B) a magazine or similar device that could accept more than 15 rounds of ammunition was in close proximity." *See* U.S.S.G. § 2K2.1, Application Notes 2. At the time of Vaughn's arrest, law enforcement found a Glock 19 handgun with a light and laser attachment in the center console of the vehicle driven by Vaughn. (*See* Presentence Investigation Report, ¶ 13.)[4] This firearm falls within Application Note 2(B)'s

///

---

[2]Vaughn argues that his 2009 burglary conviction was not a crime of violence under *Descamps*. However, as the government correctly pointed out, *Descamps* involved the same California burglary statute—California Penal Code Ann. § 459—under the "enumerated offenses" clause of the Armed Career Criminal Act ("ACCA"). *Descamps*, 133 S. Ct. 2276 at 2282. In *Descamps*, the Supreme Court declined to consider whether the burglary offense qualified as a crime of violence under the ACCA's residual clause. *Id.* at 2293 n. 6.

[3]In response to Vaughn's Motion, the government took the position that in light of *Johnson*, the government would not rely on the identically worded residual clause in U.S.S.G. § 4B1.2. (ECF No. 73 at 8.) The government's concession does not affect the Court's decision on the legal issue as to whether *Johnson's* holding extends to the same residual clause in U.S.S.G. § 4B1.2.

[4]A copy of Vaughn's Presentence Investigation Report is attached as Exhibit A and is filed under seal.

definition. Thus, the result would have been the same had Vaughn's counsel argued for a base offense level of 14 on the ground that his 2009 burglary conviction did not qualify as predicate crime of violence offense under U.S.S.G. § 2K2.1(a)(4)(A).

In sum, Vaughn cannot satisfy *Strickland's* prejudice prong. The Court thus finds that Vaughn cannot establish ineffective assistance of counsel to support the sole ground asserted in his Motion. Because the issues are clear from the records, an evidentiary hearing is unnecessary. The Court will deny Vaughn's motions for an evidentiary hearing and for appointment of counsel.

## IV. CERTIFICATE OF APPEALABILITY

Before Vaughn can appeal the Court's decision to deny his motions, he must obtain a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22; 9th Cir. R. 22-1; *United States v. Washington*, 653 F.3d 1057, 1059 (9th Cir. 2011). To receive such a certificate, a petitioner must make "'a substantial showing of the denial of a constitutional right' as to each issue the petitioner seeks to appeal." *Washington*, 653 F.3d at 1059 (quoting 28 U.S.C. § 2253(c)(2), (3)). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court determines that reasonable jurists would not find its reasoning debatable or wrong. Thus, the Court will deny a certificate of appealability.

## V. CONCLUSION

It is therefore ordered that Keegan Vaughn's motion to vacate (ECF No. 61), motion for evidentiary hearing (ECF No. 62) and motion for appointment of counsel (ECF No. 63) are denied. The Court denies a certificate of appealability.

DATED THIS 3rd day of August 2017.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

# LIST OF EXHIBITS

| Exhibit | Description |
|---------|-------------|
| A | Presentence Investigation Report — FILED UNDER SEAL |